UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RONALD EARL WILLIAMS** | **CIVIL ACTION NO. 11-199-P** |
| **VERSUS** | **JUDGE HICKS** |
| **HENRY WHITEHORN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Ronald Earl Williams ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on January 27, 2011. Plaintiff is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He names Henry Whitehorn, Willie Shaw, F.M. Campbell, Gary Robinson, and L.M. Cunningham as defendants.

Plaintiff claims that on May 17, 2010, he filed a public record request seeking all police reports regarding his armed robbery case. Plaintiff claims that his armed robbery conviction and sentence became final on March 28, 2001. He claims he did not file a direct appeal with the Supreme Court of Louisiana. He claims that on May 26, 2010, Gary Robinson and Henry Whitehorn responded to his request with an invoice stating the cost of his request and a case summary. Plaintiff claims that after receiving this response, he

realized that the Shreveport Police Department withheld documents from him in a request he made on October 23, 2003.

Plaintiff claims that in response to the October 2003 request, F.M. Campbell and L.M. Cunningham sent him a one page report that detailed a charge of aggravated battery that was not part of his request. He claims he tried to appeal the response, but received no answer.

Plaintiff claims he sent a check to the Shreveport Police Department to pay for the requested documents as instructed by the invoice. Plaintiff claims that on September 4, 2010, he sent a letter to the Chief of the Shreveport Police Department requesting the documents. He claims he received no reply. He claims that on October 22, 2010, he sent an appeal request to the Chief of the Shreveport Police Department requesting the documents. He claims that on November 12, 2010, he received a response from Lt. Gary Robinson which was a copy of his first response. Plaintiff claims his right to disclosure was violated because he paid for the documents and did not receive them.

Plaintiff also claims he was denied due process when Robinson, Whitehorn, Shaw, Campbell, and Cunningham withheld or denied him the documents that he needed for his state and federal habeas petitions regarding his armed robbery conviction. He claims he was also denied access to the courts because he needed the documents to file an application for post-conviction relief. He claims he wanted to file a claim regarding police and prosecutorial misconduct as to his armed robbery conviction and that he could not file the claim without the police report. Plaintiff admits that he was represented by an attorney for his armed robbery conviction.

Accordingly, Plaintiff seeks declaratory relief, monetary damages, attorney fees and

costs, and any other relief to which he is entitled.

## LAW AND ANALYSIS

**Access to the Courts**

Prisoners have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)). However, this constitutional guarantee is not without limitation. Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)). In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which is the source of a prisoner's constitutional right to "meaningful access to the courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing. Lewis, 116 S.Ct. at 2179. The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment. In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983. The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to

the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous. Plaintiff claims he could not file a state application for post-conviction relief and habeas relief and a federal petition for habeas relief because he was denied the police report regarding his armed robbery conviction. However, Plaintiff no longer had the right to seek post- conviction relief pursuant to Louisiana C.Cr.P. art. 930.8, because that right prescribed two years after his judgment of conviction became final in March 2001. Plaintiff also no longer had the right to seek federal habeas relief pursuant to 28 U.S.C. § 2244, because that right prescribed one year after his judgment of conviction became final in March 2001. Also, Plaintiff could have raised his claim of police and prosecutorial misconduct without the police reports. Furthermore, he has not alleged the nature of the information he suspects is contained in this document and how that information would entitle him to post-conviction relief. Plaintiff also knew in 2003, that he did not receive the armed robbery report because he received an aggravated battery report. Thus, Plaintiff has failed to state any actual injury. Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

**Public Records**

Plaintiff also claims he paid for public record documents that he did not receive. 42 U.S.C. § 1983, creates a private right of action for redressing the violation of federal law by those acting under color of state law. See Inyo County v. Paiute–Shoshone Indians of the

Bishop Cmty., 538 U.S. 701, 708 (2003); Conn v. Gabbert, 526 U.S. 286, 290 (1999); Livadas v. Bradshaw, 512 U.S. 107, 132 (1994); Ballard v. Wall, 413 F.3d 510, 518 (5th Cir.2005). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979)); accord Graham v. Connor, 490 U.S. 386, 393–94 (1989).

To prevail on a 42 U.S.C. § 1983 claim, a plaintiff must show "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." Victoria W. v. Larpenter, 369 F.3d 475, 482 (5th Cir.2004) (citing Bush v. Viterna, 795 F.2d 1203, 1209 (5th Cir.1986)). Thus, Plaintiff must show that Defendants deprived him of a right guaranteed by the Constitution or the laws of the United States. See Daniels, 474 U.S. at 329–31; Baker, 443 U.S. at 139; Hernandez, 380 F.3d at 879–80; Victoria W., 369 F.3d at 482; Rosborough v. Management & Training Corp., 350 F.3d 459, 460 (5th Cir.2003).

"[T]he first step in a § 1983 analysis is to identify the specific constitutional right involved." Oliver v. Scott, 276 F.3d 736, 744 n. 10 (5th Cir.2002) (citing Baker, 443 U.S. at 140). " 'Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.'" Victoria W., 369 F.3d at 482 (quoting Baker, 443 U.S. at 146); see also Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 450 (5th Cir.1994). Thus, Plaintiff's allegation that he is entitled to relief because Defendants violated Louisiana's Public Record Law fails to state a claim for which relief may be granted.

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 4th day of March 2014.

Mark L. Hornsby
U.S. Magistrate Judge